UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CRUZ,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No.  2:16-cv-0498 TLN AC P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 12, 2016, respondent filed a motion to dismiss the petition on the ground that several of the petition's claims are unexhausted.  ECF No. 11.  By order filed October 6, 2016, the court ordered petitioner to file an opposition, or statement of non-opposition, to respondent's motion to dismiss.  ECF No. 13.  Instead petitioner has filed the present motion to appoint counsel, which contains a single statement that he opposes the motion to dismiss the petition.  ECF No. 14.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  Beyond petitioner's single statement that he objects to the motion to dismiss, petitioner has not shown that he has even attempted to

1

1  respond to the motion in any meaningful way or that he is unable to do so without assistance.
2  Moreover, petitioner is being given an opportunity to seek a stay of the exhausted claim, and this
3  order contains instructions to petitioner regarding his options going forward and what he will
4  have to do to satisfy the exhaustion requirement.  For these reasons, the court does not find that
5  the interests of justice would be served by the appointment of counsel at the present time.

6  In the petition, petitioner challenges his conviction[1] and sentence on five grounds.  ECF
7  No. 7 at 4-5.  In Ground One, petitioner alleges that there was insufficient evidence to support the
8  conviction for shooting at an inhabited dwelling.  Id. at 4.  Ground Two alleges that there was
9  insufficient evidence to support the gang enhancement.  Id.  In Ground Three, petitioner alleges
10 that there was insufficient evidence to support the firearm enhancement.  Id. at 5.  Ground Four
11 alleges that his twenty-five-year-to-life sentence constitutes cruel and unusual punishment.  Id.
12 Finally, Ground Five states: "Whether or not the disproportionate sentencing contention was
13 forfeited."  Id.  This claim is based on petitioner's allegation that counsel's failure to raise a cruel
14 and unusual punishment claim under People v. Dillon, 34 Cal. 3d 441 (1983) (Dillon), at
15 sentencing, or to inform petitioner about a Dillon-based claim, constituted ineffective assistance
16 of counsel.  ECF No. 7 at 5.

17 As respondent asserts, and for the reasons now explained, it does not appear that petitioner
18 has exhausted his state court remedies for Grounds One, Two, Three, and Five of the petition.[2]
19 See ECF No. 11 at 3-4.  Following his conviction and sentencing, petitioner appealed to the
20 California Court of Appeal, Third Appellate District.  See Lodged Doc. 1 (Appellant's Opening
21 Brief); Lodged Doc. 2 (Respondent's Brief); Lodged Doc. 3 (Appellant's Reply Brief).  On direct
22 appeal, petitioner asserted only two claims: (1) that his twenty-five-year-to-life sentence
23 constituted cruel and unusual punishment under the federal and state Constitutions; and (2) that
24 the abstract of judgment required modification to delete the gang enhancement because the same

---

[1] The jury convicted petitioner of shooting at an inhabited dwelling (Cal. Penal Code § 246) and found that at least one principal used and discharged a firearm (Cal. Penal Code § 12022.53 (b), (e)(1)) and that the offense was committed for the benefit of a gang (Cal. Penal Code § 186.22 (b)(1)).  Lodged Doc. 4 at 2.

[2] In its motion to dismiss, respondent states that the Ground 4 cruel and unusual punishment claim "appears to have been exhausted."  ECF No. 11 at 3.

enhancement was used to sentence him to fifteen years to life. Lodged Doc. 1; Lodged Doc. 3; Lodged Doc 4. The Third District Court of Appeal affirmed the conviction and sentence, concluding that the cruel and punishment claim "made for the first time on appeal is forfeited," but directed that the abstract of judgment be amended to reflect the correct gang enhancement. Lodged Doc. 4 at 3-5. Petitioner then filed a petition for review with the California Supreme Court where he again raised the cruel and unusual punishment claim as well as new claims based on insufficient evidence and ineffective assistance of counsel, similar to his claims he asserts in Grounds One, Two, Three, and Five of his federal habeas petition. See Lodged Doc. 5. That petition was decided with a silent denial. Lodged Doc. 6. Petitioner indicates that he has not filed any state habeas petitions. See ECF No. 7 at 2.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985); see also Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004) ("[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts."). A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). "Raising the claim in such a fashion does not . . . constitute 'fair presentation.'" Castille, 489 U.S. at 351. In Castille, the Supreme Court unanimously found a claim to be unexhausted for lack of fair presentation when the state prisoner raised only state law claims in his intermediate appellate court filings and raised his federal claim for the first time on discretionary review before the state high court. Id.; see also Casey, 386 F.3d at 916-18 (applying Castille and holding that

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

when a state prisoner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them," and they were unexhausted).

Petitioner did not raise the claims asserted in Grounds One, Two, Three, and Five[4] in the California Court of Appeal, and he raised them for the first and only time when he sought discretionary review by the California Supreme Court.  Under California law, "on a petition for review the [California] Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the California Court of Appeal." Rule 8.500(c)(1), Cal. R. Ct.  The exceptions to this rule are when: the California Supreme Court has granted review, Rule 8.516(b)(1), Cal. R. Ct.; or the newly-raised claim involves a pure question of law not turning upon disputed issues of fact, or a matter of particular public importance, People v. Randle, 35 Cal. 4th 987, 1001-02 (2005).  These predicates did not exist in petitioner's case: the California Supreme Court summarily denied review[5]; and petitioner's Grounds One, Two, Three, and Five do not satisfy the Randle conditions.  Thus, by first presenting the claims asserted in Grounds One, Two, Three, and Five in a petition seeking discretionary review by the state high court, petitioner raised those claims in an improper procedural posture and did not fairly present them. Castille, 489 U.S. at 351; Casey, 386 F.3d at 918; see also Castle v. Schriro, 414 Fed. Appx. 924, 926-27 & n.3 (9th Cir. Nov. 1, 2010) (finding that Castille governed, and a Double Jeopardy claim was not fairly presented and was unexhausted, when the petitioner did not include the Double Jeopardy claim in his initial appellate filing, but only included it later when he sought discretionary review, which was summarily denied).  In sum, petitioner's state judicial remedies for Grounds One, Two, Three, and Five are not exhausted, because the California Supreme Court

---

[4] Although petitioner advanced a Dillon-based cruel and unusual punishment claim in the California Court of Appeal (which the court concluded was forfeited), petitioner did not argue—as he did in his petition for review in the California Supreme Court (Lodged Doc. 5 at 21-24) and as he does in his federal habeas petition (ECF No. 7 at 5)—that counsel's failure to raise a Dillon-based cruel and unusual punishment claim at sentencing, or apprise petitioner of a Dillon-based claim, constituted ineffective assistance.  See Lodged Doc. 4 at 3.

[5] "[D]enials of discretionary review are not decisions on the merits." Cannedy v. Adams, 706 F.3d 1148, 1158 (9th Cir. 2013), amended by 733 F.3d 794 (9th Cir. 2013), cert. denied, 134 S. Ct. 1001 (2013).  Thus, the exception to the Castille rule—when the appellate court has considered the newly-raised issue on its merits, 489 U.S. at 350-51—is inapplicable here.

1 was not afforded a chance to rule on those claims.

2 In light of petitioner's failure to exhaust his state court remedies on Grounds One, Two, Three, and Five, his options are to (1) seek a stay of all claims pending exhaustion of Grounds One, Two, Three, and Five; (2) voluntarily dismiss Grounds One, Two, Three, and Five and seek a stay of Ground Four only pending exhaustion of Grounds One, Two, Three, and Five; or (3) dismiss Grounds One, Two, Three, and Five and proceed on Ground Four without a stay.

If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and unexhausted claims pending further exhaustion, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that (1) good cause is shown for a failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation. Id. at 277-78.

Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Pursuant to the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). The procedure under a Kelly stay is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. King, 564 F.3d at 1135. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must, if brought outside the federal habeas statute of limitations, relate back to the claims in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the

1  interim." King, 564 F.3d at 1141.

2  In the event petitioner chooses to proceed on an exhausted-claims-only petition without a
3  stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims
4  might face challenges based on timeliness, the limitations applicable to second or successive
5  petitions, and/or other procedural hurdles, depending on the circumstances.

6  Petitioner must respond to this order within twenty-eight days, notifying the court how he
7  wishes to proceed.  If petitioner wants to stay this case while exhausting Grounds One, Two,
8  Three, and Five in state court, he must specify whether he seeks a stay under Rhines or under
9  Kelly.  If he wishes to proceed in this court on a mixed petition, he must file a motion for a stay
10 addressing the Rhines factors, showing good cause for his failure to have first exhausted Grounds
11 One, Two, Three, and Five in state court, that each of these claims potentially have merit, and that
12 there is no evidence he has intentionally delayed pursuing the litigation.  In the alternative,
13 petitioner may request a Kelly stay.  As previously noted, a Kelly stay does not guarantee the
14 timeliness of claims exhausted in the future and then re-presented to this court.

15 If petitioner fails to respond to this order, the court will recommend granting the motion to
16 dismiss as to Grounds One, Two, Three, and Five and that the case proceed without a stay on
17 Ground Four.

18 Summary

19 The federal court can only grant a claim that has been exhausted in state court.  Grounds
20 One, Two, Three, and Five are not exhausted, because they were added to a petition for review
21 that asked the California Supreme Court to review the California Court of Appeal's decision on
22 petitioner's appeal, but they had not been included in the appeal in the first place.  Because these
23 four claims have not been exhausted, petitioner must decide whether to (1) ask for a stay of all his
24 claims while he goes back to state court to exhaust Grounds One, Two, Three, and Five; (2)
25 dismiss Grounds One, Two, Three, and Five and ask for a stay of Ground Four only while he goes
26 back to state court to exhaust Grounds One, Two, Three, and Five; or (3) dismiss Grounds One,
27 Two, Three, and Five and proceed on Ground Four without a stay.

28 If petitioner chooses option one, he will have to explain why he did not exhaust Grounds

6

One, Two, Three, and Five in state court, why his case has merit, and why he has not unnecessarily delayed in bringing his claims to state court. If he chooses option two, petitioner will not have to show good cause or possible merit for the stay, but his claims will not be protected from being untimely. If he chooses option three, and if he attempts to amend his petition later or bring a separate petition, the claims may be too late, not allowed because they are a second or successive petition, or there may be other difficulties depending on the circumstances. If petitioner does not respond to this order, the court will recommend granting the motion to dismiss as to Grounds One, Two, Three, and Five and going forward with Ground Four without a stay.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (ECF No. 14) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

2. Within twenty-eight days from the date of service of this order, petitioner shall respond to this order, addressing how he wishes to proceed as to his unexhausted claims.

3. If petitioner seeks a stay, within twenty-eight days of the filing of this order, he shall file a motion for a stay in accordance with this order.

4. If petitioner does not notify the court of how he would like to proceed, the undersigned will recommend dismissal of Grounds One, Two, Three, and Five and that the case proceed on Ground Four without a stay.

DATED: December 17, 2016

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE