UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CRUZ,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:16-cv-0498 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition as a "mixed petition." Petitioner opposes the motion to dismiss, and also moves the court to stay the federal petition so that he may return to state court and exhaust his unexhausted claims.  For the reasons outlined below, the undersigned recommends that petitioner's motion for a stay of his mixed petition be denied, and that respondent's motion to dismiss be granted as to petitioner's unexhausted claims only.

I.    <u>Background and Procedural History</u>

    A.  <u>Trial Court Proceedings</u>

A jury convicted petitioner of shooting at an inhabited dwelling (Cal. Penal Code § 246), and found that at least one principal used and discharged a firearm (Cal. Penal Code § 12022.53 (b), (e)(1)) and that the offense was committed for the benefit of a gang (Cal. Penal Code §

1

1  186.22(b)(1)). Lodged Doc. 4 at 2. On September 21, 2012, the trial court sentenced petitioner to
2  state prison for fifteen years to life on count two (shooting at an inhabited dwelling), plus ten
3  years for the section 12022.53 (b) firearm enhancement. He was also sentenced to six months in
4  county jail on count four (misdemeanor assault), but was given credit for time served. Id.

    B.  Direct Review

Following his conviction and sentencing, petitioner appealed to the California Court of Appeal, Third Appellate District. See Lodged Doc. 1 (Appellant's Opening Brief); Lodged Doc. 2 (Respondent's Brief); Lodged Doc. 3 (Appellant's Reply Brief). On direct appeal, petitioner asserted only two claims: (1) that his twenty-five-year-to-life sentence constituted cruel and unusual punishment under the federal and state Constitutions; and (2) that the abstract of judgment required modification to delete the gang enhancement because the same enhancement was used to sentence him to fifteen years to life. Lodged Doc. 1; Lodged Doc. 3; Lodged Doc 4. The Third District Court of Appeal affirmed the conviction and sentence, concluding that the cruel and punishment claim "made for the first time on appeal is forfeited," but directed that the abstract of judgment be amended to reflect the correct gang enhancement. Lodged Doc. 4 at 3-5.

Petitioner then filed a petition for review with the California Supreme Court. In addition to presenting the cruel and unusual punishment claim, it included new claims based on insufficient evidence and ineffective assistance of counsel, similar to the claims petitioner asserts in Grounds One, Two, Three, and Five of his federal habeas petition. See Lodged Doc. 5. The petition for review was decided without comment or citation. Lodged Doc. 6.

    C.  State Collateral Review

Petitioner has not filed any state habeas petitions. See ECF No. 1 at 2; ECF No. 7 at 2.

    D.  The Federal Petition

In March 2016, petitioner filed the instant federal petition, raising five claims. In Ground One, petitioner alleges that there was insufficient evidence to support the conviction for shooting at an inhabited dwelling. ECF No. 1 at 4; ECF No. 7 at 4. Ground Two alleges that there was insufficient evidence to support the gang enhancement. ECF No. 1 at 4; ECF No. 7 at 4. In Ground Three, petitioner alleges that there was insufficient evidence to support the firearm

1 enhancement. ECF No. 1 at 5; ECF No. 7 at 5. Ground Four alleges that his twenty-five-year-to-
2 life sentence constitutes cruel and unusual punishment. ECF No. 1 at 5; ECF No. 7 at 5. Finally,
3 Ground Five is based on petitioner's allegation that counsel's failure to raise a cruel and unusual
4 punishment claim under People v. Dillon, 34 Cal. 3d 441 (1983), at sentencing, or to inform
5 petitioner about a Dillon-based claim, constituted ineffective assistance of counsel. ECF No. 1 at
6 5; ECF No. 7 at 5.

7   II.   Motion to Dismiss
8       A. Procedural Posture
9 On July 12, 2016, respondent filed a motion to dismiss the petition on the ground that
10 several of the petition's claims are unexhausted. ECF No. 11. Petitioner did not timely respond
11 to the motion. By order filed October 6, 2016, the court ordered petitioner to file an opposition,
12 or statement of non-opposition. ECF No. 13. Instead, petitioner filed a motion for appointment
13 of counsel, which contains a single statement that he opposed the motion to dismiss the petition.
14 ECF No. 14.
15 On December 19, 2016, the court denied the request for counsel. ECF No. 15. In the
16 same order, the undersigned explained to petitioner why Grounds One, Two, Three, and Five
17 appeared to be unexhausted, and informed him of his options to (1) seek a stay of all claims
18 pending exhaustion of Grounds One, Two, Three, and Five; (2) voluntarily dismiss Grounds One,
19 Two, Three, and Five and seek a stay of Ground Four only pending exhaustion of Grounds One,
20 Two, Three, and Five; or (3) dismiss Grounds One, Two, Three, and Five and proceed on Ground
21 Four without a stay. Id. at 5. Petitioner's subsequently-filed motion for a stay is addressed
22 separately below.
23     B. The Exhaustion Requirement
24 The exhaustion of state court remedies is a prerequisite to the granting of a petition for
25 writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived
26 explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may
27 not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the
28 highest state court with a full and fair opportunity to consider all claims before presenting them to

the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985); see also Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004) ("[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts."). A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). "Raising the claim in such a fashion does not . . . constitute 'fair presentation.'" Castille, 489 U.S. at 351.

In Castille, the Supreme Court unanimously found a claim to be unexhausted for lack of fair presentation when the state prisoner raised only state law claims in his intermediate appellate court filings and raised his federal claim for the first time on discretionary review before the state high court. Id.; see also Casey, 386 F.3d at 916-18 (applying Castille and holding that when a state prisoner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them," and they were unexhausted).

C. Analysis

Respondent argues that while one of petitioner's claims (Ground Four) is exhausted, the presence of other unexhausted claims requires dismissal of the petition. Respondent contends that Grounds One, Two, Three, and Five are not exhausted because of the procedural posture in which they were presented to the California Supreme Court. The court agrees.

Petitioner did not raise the claims asserted in Grounds One, Two, Three, and Five[1] in the California Court of Appeal, and he raised them for the first and only time when he sought discretionary review by the California Supreme Court. Under California law, "on a petition for review the [California] Supreme Court normally will not consider an issue that the petitioner

---

[1] Although petitioner advanced a Dillon-based cruel and unusual punishment claim in the California Court of Appeal (which the court concluded was forfeited), petitioner did not argue — as he did in his petition for review in the California Supreme Court (Lodged Doc. 5 at 21-24) and as he does in his federal habeas petition (ECF No. 7 at 5) — that counsel's failure to raise a Dillon-based cruel and unusual punishment claim at sentencing, or apprise petitioner of a Dillon-based claim, constituted ineffective assistance. See Lodged Doc. 4 at 3.

4

failed to timely raise in the California Court of Appeal." Rule 8.500(c)(1), Cal. R. Ct.  The only exceptions to this rule are when (1) the California Supreme Court has granted review, Rule 8.516(b)(1), Cal. R. Ct.; or (2) the newly-raised claim involves a pure question of law not turning upon disputed issues of fact, or a matter of particular public importance, People v. Randle, 35 Cal. 4th 987, 1001-02 (2005).  These predicates did not exist in petitioner's case: the California Supreme Court summarily denied review[2]; and petitioner's Grounds One, Two, Three, and Five do not satisfy the Randle conditions.  Accordingly, by first presenting these claims in a petition seeking discretionary review by the state high court, petitioner raised those claims in an improper procedural posture which renders them unexhausted.  Castille, 489 U.S. at 351; Casey, 386 F.3d at 918; see also Castle v. Schriro, 414 Fed. Appx. 924, 926-27 & n.3 (9th Cir. Nov. 1, 2010) (finding that Castille governed, and a Double Jeopardy claim was not fairly presented and was unexhausted, when the petitioner did not include the Double Jeopardy claim in his initial appellate filing, but only included it later when he sought discretionary review, which was summarily denied).

In sum, petitioner's state judicial remedies for Grounds One, Two, Three, and Five are not exhausted because the California Supreme Court was not afforded a fair chance to rule on those claims under California law.  Accordingly, the court turns to petitioner's request for a stay to permit further exhaustion.

III.    Motion for Stay and Abeyance

In response to the December 19, 2016 order referenced above, petitioner has acknowledged that the instant petition is mixed, and that all claims have not been properly presented to the state courts.  ECF No. 16.  Petitioner accordingly requests a stay of his federal petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  ECF No. 16 at 4.  In support of his motion, petitioner argues that he first became aware of his unexhausted claims "shortly before filing his petition for review in the California Supreme court."  ECF No. 16 at 1-4.  He asserts

---

[2] "[D]enials of discretionary review are not decisions on the merits." Cannedy v. Adams, 706 F.3d 1148, 1158 (9th Cir. 2013), amended by 733 F.3d 794 (9th Cir. 2013), cert. denied, 134 S. Ct. 1001 (2013).  Thus, the exception to the Castille rule—when the appellate court has considered the newly-raised issue on its merits, 489 U.S. at 350-51—is inapplicable here.

5

1  that he was not aware that the claims were available, that he is "a lay man at the law and has very
2  little formal education," that he has "very little resources upon which to rely," that his
3  unexhausted claims have merit, that he did not "intentionally delay filing claims," and that,
4  "although incorrectly filed," he sought relief upon learning he had viable claims. Id.

5  Federal district courts may not adjudicate petitions for habeas corpus which contain both
6  exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). This does not
7  mean, however, that a so-called "mixed petition" must always be dismissed. Under Rhines, the
8  federal habeas court may stay a mixed petition for good cause pending further exhaustion. 544
9  U.S. at 276-77. The Supreme Court adopted this rule to address the problem of habeas petitioners
10 who, due to dismissal of their mixed petitions in the context of AEDPA's statute of limitations,
11 "run the risk of forever losing their opportunity for any federal review of their unexhausted
12 claims." Id. at 275. Pursuant to Rhines, a district court should stay a mixed petition only in
13 "limited circumstances," specifically, when (1) petitioner demonstrates good cause for failure to
14 first exhaust the claim(s) in the state courts, (2) the claim(s) at issue are potentially meritorious,
15 and (3) petitioner has not been dilatory in pursuing the litigation. Id. at 277-78.[3] When a district
16 court determines that a stay is not appropriate, it should allow the petitioner to delete the
17 unexhausted claims and proceed with the exhausted claims "if dismissal of the entire petition
18 would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

19 Although the Rhines "good cause" standard does not require a showing of extraordinary
20 circumstances, Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), the Ninth Circuit has
21 rejected a "broad interpretation of 'good cause.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th
22 Cir. 2008), cert. denied, 556 U.S. 1285 (2009). The Supreme Court in Rhines emphasized that
23 district courts should stay mixed petitions only in "limited circumstances." Rhines, 544 U.S. at
24 277. Accordingly, good cause is not shown where the petitioner created the condition that led to

---

[3] Petitioner does not request a stay of the instant action under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), which does not require a showing of good cause. Under Kelly, a petitioner may amend a mixed petition to delete unexhausted claims; seek a stay of the resulting, fully-exhausted petition while proceeding to state court to exhaust the deleted claims; and later amend his federal petition to reincorporate the newly-exhausted claims. Id. at 1070-71. While this procedure does not require a showing of good cause, it does not preserve the protective filing date of the federal petition.

1   the failure to exhaust.  See Wooten, 540 F.3d at 1024.

2       In this case, petitioner has failed to establish good cause for his failure to exhaust before
3   bringing his federal petition.  Petitioner admits that he was aware of the claims before he filed his
4   petition for review in the California Supreme Court on April 20, 2015.  ECF No. 16 at 1-4.
5   Indeed, he included these claims, albeit improperly, in the petition for review.  Lodged Doc. 5.
6   The claims do not depend on recently discovered facts, and there has been no showing that
7   petitioner was affirmatively prevented from properly raising the claims either in a state habeas
8   proceeding or on direct appeal.  To the extent that plaintiff thought his appellate counsel had
9   raised all his claims in the California Court of Appeals, so that their inclusion in the petition for
10  review constituted fair presentation, such assumption does not constitute good cause for
11  petitioner's failure to exhaust.  See Wooten, 540 F.3d at 1024.  As the court in Wooten stated:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-obey orders routine.  Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay.  Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."

18  Id.

19      Furthermore, petitioner's pro se status, ignorance of the law, and limited access to legal
20  resources do not satisfy the cause standard.  See Hughes v. Idaho State Bd. of Corr., 800 F.2d
21  905, 908-09 (9th Cir. 1986) (finding petitioner's claims of illiteracy and lack of help in appealing
22  post-conviction petition, though unfortunate, to be insufficient to meet cause standard); Hamilton
23  v. Clark, No. 08-cv-1008 EFB P, 2010 WL 530111, at *2, 2010 U.S. Dist. LEXIS 20035, at *4
24  (E.D. Cal. Feb. 9, 2010) ("Ignorance of the law and limited access to a law library are common
25  among pro se prisoners and do not constitute good cause for failure to exhaust."); Riseley v.
26  Warden, 04-cv-2417 DFL JFM P, 2006 WL 1652657, at *2 n.3, 2006 U.S. Dist. LEXIS 39818, at
27  *5, n.3 (E.D. Cal. June 14, 2006) ("The mere fact that a petitioner is pro se or lacks knowledge of
28  the law is insufficient to satisfy the cause prong.").

For all the reasons explained above, petitioner's motion for stay and abeyance under Rhines should be denied.

IV.     Conclusion

Because petitioner has not satisfied the Rhines standard as to his unexhausted claims, the undersigned will recommend both that petitioner's motion for a stay be denied and that respondent's motion to dismiss be granted as to those claims (Grounds One, Two, Three, and Five).  This habeas action should proceed only on petitioner's properly exhausted claim (Ground Four).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay (ECF No. 16) be DENIED;

2. Respondent's motion to dismiss (Doc. No. 11) be GRANTED IN PART;

3. The following claims and any included sub-claims be dismissed as unexhausted: Grounds One, Two, Three, and Five;

4. Respondent be directed to file a response to petitioner's habeas petition addressing the remaining, properly exhausted claim (Ground 4) within sixty days from the date of any order adopting these findings and recommendations.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases; and

5. Petitioner be directed to file a reply, if any, within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten (10)** days after being served with these findings and recommendations, any party may file written objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Due to exigencies in the court's calendar, no extensions of time will**

////

////

1 **be granted.**[4]  A copy of any objections filed with the court shall also be served on all parties.
2 The parties are advised that failure to file objections within the specified time may waive the right
3 to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: February 22, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects.  There is no need to reproduce his arguments on the issues.